No. 40,528

Faye L. Teague, *Appellee*, v. Boeing Airplane Company and Liberty Mutual Insurance Company, *Appellants*.

(312 P. 2d 220)

Opinion filed June 8, 1957.

*Robert N. Partridge,* of Wichita, argued the cause, and *George B. Powers, Samuel E. Bartlett, Carl T. Smith, John F. Eberhardt, Stuart R. Carter, Robert G. Foulston, Malcolm Miller, Robert M. Siefkin,* and *Richard C. Harris,* all of Wichita, were with him on the briefs for the appellants.

*Gerald L. Michaud,* of Wichita, argued the cause, and *Ora D. McClellan, Harry E. Robbins, Jr., Carol V. Creitz,* and *John B. Wooley,* all of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

Robb, J.: This is an appeal in a workmen's compensation case by the respondent employer and its insurance carrier from a judgment of a district court affirming an award in favor of claimant.

We shall continue to refer to the parties as claimant and respondents as we consider the single question raised on appeal which involves two portions of the compensation act—G. S. 1949, 44-501, and the following provision of G. S. 1949, 44-508:

". . . (*k*) The words 'arising out of and in the course of employment' as used in this act shall not be construed to include injuries to the employee occurring while he is on his way to assume the duties of his employment or

after leaving such duties, the proximate cause of which injury is not the employer's negligence."

The streets, walks, and all surfaces in the city of Wichita were covered with ice on January 18, 1955, the date here involved, because of a freezing rain the previous night. Claimant was an employee of the Boeing Airplane Company of Wichita. Her work day began at 8:00 a. m. She had a designated parking location in respondent's fence-enclosed parking lot D. Improper parking by an employee resulted in removal of his car or a company reprimand. The place where she was directed to park had a gravel surface of rough quality but between this section and the place where claimant entered the plant proper there was a smooth blacktop section reserved for employees of higher rank over which section she had to walk in order to arrive at the plant entrance. The ice, which both parties admit covered all the ground in and around Wichita, was not so difficult to walk on where the surface was gravel but the smooth blacktop surface was slick. As claimant testified, it was "Just solid ice; nothing poured over the ice."

Between 7:30 and 8:00 a. m. claimant, together with a lady to whom she furnished transportation to and from work, arrived at the entrance to lot D. She was admitted at the entrance by reason of a sticker on her car. She parked in her usual place on the gravel portion of the parking lot. Claimant and her passenger safely crossed the gravel portion but as they stepped onto the smooth icy blacktop, after stating to her companion, "Be careful, Hazel, it is awfully slick," claimant slipped and fell. The fall caused injuries but we are not presently concerned with the extent thereof.

As mentioned, the point that the entire community had been subjected to the same freezing rain the previous night which formed ice everywhere is conceded by both parties.

No two workmen's compensation cases are perfectly congruent and this gives rise here, as it does in many lawsuits, to citation of cases by both parties which they believe support their particular contentions. Respondents contend claimant did not satisfy the burden of proof that her accident arose out of her employment as she is required to do. (*McMillan v. Kansas Power & Light Co.*, 157 Kan. 385, 139 P. 2d 854.) In the McMillan case an employee, who had been emptying ashes at his home and had inhaled dust therefrom, was picked up by a fellow employee to go to another town to look for some company line trouble. He died from a

heart attack but he was also found to be suffering from an extreme case of pneumonia. It could not be ascertained what caused the heart attack and compensation was denied. On the same point, respondents cite *Abbott v. Southwest Grain Co.*, 162 Kan. 315, 176 P. 2d 839, where a young employee at the direction of his brother, who was in charge of the elevator where they both worked, was to stop at the elevator on his way downtown after dinner in the evening and shut some doors in the roof of a storage bin because of impending rain. The youth was injured in an accident between his home and the elevator. This court denied compensation.

Respondents further rely on *Rush v. Empire Oil & Refining Co.*, 140 Kan. 198, 34 P. 2d 542. There an employee worked as caretaker of his employer's horse barns and in addition he looked after cleaning the alleys and the sanitation of a small town maintained by the employer. While he was working in an alley with a team and wagon a storm came up and he sought shelter for himself and the team by standing next to a two-stall garage nearby. Both he and the garage were blown some distance by the storm and he received injuries. In denying liability the court there said,

"The statute uses a rather broad term in the expression 'out of' the employment, thereby indicating that the statute should have a liberal interpretation to accomplish its purpose [citations], but this does not mean that the act should be construed to include injuries which clearly did not arise out of the employment." (pp. 200-201.)

Respondents also cite *Murphy v. I. C. U. Const. Co.*, 158 Kan. 541, 148 P. 2d 771, wherein a sixty-six year old employee was required to work all day in freezing temperatures and his fingers were frozen. Recovery was there allowed because of the *prolonged* exposure of the employee to the elements by reason of the employment. Other cases along this same line were cited, but we think they are not the same as the one now under consideration and further discussion of them is unnecessary.

More in point are the following:

The case of *Taylor v. Hogan Milling Co.*, 129 Kan. 370, 282 Pac. 729, involved a situation where it was a rule of the employer that employees were required to pay their bills when called upon by collectors. An employee was injured on a manlift in going from the floor where he worked to another floor to pay a bill. His foreman's permission had previously been obtained. The injury was held to be compensable because the injuries received were determined to be incidental to his employment and to have arisen out

of his employment; in *Corpora v. Kansas City Public Service Co.*, 129 Kan. 690, 284 Pac. 818, a seventy year old workman was fatally injured while donning overalls in his employer's dressing room after he had signed the register but prior to commencement of his work day at 7:00 a. m. That injury, too, was held compensable; another well-considered opinion (cited with approval in *Bender v. Salina Roofing Co.*, 179 Kan. 415, 420, 295 P. 2d 662) is *Kauffman v. Co-operative Refinery Assn.*, 170 Kan. 325, 225 P. 2d 129, wherein an employee who wore a double truss received a strangulated hernia when he bent over suddenly to untie his shoes while in his employer's change house. The record showed he had passed a guard at the gate and had punched a time clock eleven minutes before his work day commenced. Compensation was allowed since the compensation act is sufficiently broad to include awards for injuries resulting from incidents of the employment. Finally, we consider the case of *Bell v. Allison Drilling Co.*, 175 Kan. 441, 264 P. 2d 1069, that concerned an oil driller who, while assembling a drilling crew from different towns and prior to reporting to the well location to start drilling operations, was injured in an automobile accident. After determining that one of the questions was whether there was a causal relationship between the employee's injury and his employment, this court held the accidental injury arose out of and in the course of the employment and affirmed the award made below.

While it did not relate to an employee before he began his actual working hours, it may be well to mention *Blair v. Shaw*, 171 Kan. 524, 233 P. 2d 731. Three employee mechanics were killed in an automobile accident while returning home from another city where the employer had required them to go to take an examination for mechanics given by the parent automobile organization. This court held they had not left the duties of their employment so as to bar recovery and that the injuries arose out of and in the course of their employment.

There is something to be said of a contention that recovery for such an injury as the one we are here considering can be based on the premise that the injury was caused by an instrumentality of human agency. The facts in our case show the place where claimant fell was a smooth blacktop surface over which she had to walk in order to get into the plant. This would certainly be a human agency or rather an instrumentality of human agency which caused

her fall. True there was ice everywhere but it was more dangerous on the smooth blacktop surface than it was on the gravel portion of the same parking lot. This theory is not novel. In a case involving somewhat similar circumstances (*Kennedy v. Hull & Dillon Packing Co.*, 130 Kan. 191, 195, 285 Pac. 536), it was stated that a causal connection can exist between the employment of a workman and the injury he sustains. In the Kennedy case there had been a storm the night before; poles and electric wires had been blown down; the storm had ceased but the poles and wires had not been removed from the highway; the employee, a traveling salesman, had not reported to his employer's place of business, but had started to the town where his work was to begin; he suffered an injury which resulted in his death. This case was cited with approval in *Stapleton v. State Highway Comm.*, 147 Kan. 419, 422, 76 P. 2d 843.

It seems quite clear that the injury here was incidental to claimant's employment and there was a causal connection between her employment and the injury she sustained with the result the accident whereby she was injured arose out of and in the course of her employment. She is, therefore, entitled to compensation under the act.

The judgment is affirmed.

Price, J., dissents.