No. 40,551

WALTER JOSEPH MURRAY, *Appellant*, v. LUDOWICI-CELADON COMPANY and LIBERTY MUTUAL INSURANCE COMPANY, *Appellees*.

(313 P. 2d 728)

Opinion filed July 3, 1957.

*George E. McCullough*, of Topeka, argued the cause, and *Robert L. Kimbrough* and *Leon W. Lundblade*, both of Topeka, were with him on the briefs for the appellant.

*Clement H. Hall*, of Coffeyville, argued the cause and was on the briefs for the appellees.

The opinion of the court was delivered by

ROBB, J.: This is an appeal by a workman from a judgment of the trial court denying compensation under our workmen's compensation act.

On February 2, 1956, claimant was an employee of respondent, who operated a tile manufacturing plant. Claimant was sixty-three

years of age and had been in respondent's employ for approximately thirteen years. Claimant drove his car to and from work. He used the same route both ways each day. He parked north of the plant on a parking lot furnished by respondent for its employees. To the west of this lot was Hall street. There were four openings, or exits, from the parking lot into Hall street. The second such exit was located about one third of the way north in the parking lot and during the proceeding before the examiner, this exit was shown and stipulated by the parties to be an alley running east and west through the block. It was unsurfaced and muddy east of the east boundary of respondent's parking area. The alley did not continue west of Hall street. The alley, the same as respondent's parking area, was surfaced with pieces of scrap tile. There were no distinguishing elements or markings between the alley and the parking lot surfaces.

The weather had been very cold and during the week previous to February 2, 1956, there had been two heavy snow storms which had made the surface of the parking area and alley very slick. The entire community had been subjected to the same conditions.

At 4:30 p. m. on the date in question claimant checked out as usual and walked into the north section of the parking area where his car was parked. He drove his car in a southerly direction and then drove west into the alley portion to a point just four or five feet east of Hall street where his car stalled. It was discovered that his right front tire was low and he started to get a tire pump out of the trunk of his car. As claimant attempted to open the car trunk, his feet slipped from under him causing him to fall and fracture his right scapula, or shoulder. A fellow employee pumped up the tire and took claimant to the hospital for treatment.

An employee who was also an officer in the plant union testified that day-shift employees were required to park in the north parking lot. Claimant was on this shift. The employee further testified that in previous years when there were similar snows causing slick or slippery conditions, respondent had furnished a truck to tow employees' vehicles from slick places on the parking area. Since respondent had equipment which it used to clear off open and exposed walkways inside its plant when they were covered with snow, he had asked respondent's maintenance supervisor on two of these previous occasions why it would not be much easier to clean off the runways.

The foregoing description of the premises is given to show the

physical conditions surrounding the parking area. Nothing in this description is intended to detract from, to minimize, or to limit the stipulation between the parties that claimant fell in an alley.

The particular spot where claimant fell has been variously described and referred to in the record as an alleyway, an alley, and a public alley. We shall refer to it as an alley.

There is no dispute that claimant was injured and that proper notice was given and claim filed. However, respondent denied liability under the workmen's compensation act.

The trial court made findings of fact, among others, that at the time of the fall claimant had completed his work, had left respondent's premises, and was on his way home; claimant intended to drive west in the alley to Hall street; he had no duties to perform for respondent until his regular shift the following morning; respondent had no right or duty to exercise control over the alley nor did it do so; claimant suffered an accidental injury on the alley after he had left respondent's premises; ice and snow on the alley where claimant fell were the result of climatic conditions and not the result of any acts of negligence on the part of respondent.

The conclusions of law provided, in substance, that claimant met with accidental injury that did not arise out of and in the course of his employment; claimant's accidental injury had disabled him but he had recovered and returned to work; claimant had left his duties at the time of his accident and the proximate cause of his injuries was not due to respondent's negligence; G. S. 1949, 44-508 (k) prohibits claimant's recovery because he had left the duties of his employment and the premises of respondent; the cause of his accident was the ice and snow covering the alley, which condition was not the responsibility of respondent; respondent had assumed no responsibility over or duty to maintain the alley free from ice and snow.

Judgment was entered by the trial court in favor of respondent and compensation was denied claimant, who has appealed.

It is apparent the trial court was of the opinion that the accidental injury was not incidental to nor did it have such causal relation with the employment as to justify a holding that the injury arose out of and in the course of claimant's employment by respondent. (G. S. 1949, 44-501.)

The scope of the jurisdiction of our court in a workmen's compensation case is limited to a review of the questions of law involved.

The record must be accepted. as it is presented and we are bound to accept as correct the findings of the trial court if there is substantial competent evidence to support them. This is an accepted rule of appellate procedure in this state in cases of this character and it has been cited with approval as recently as in the case of *Wilbeck v. Grain Belt Transportation Co.*, 181 Kan. 512, 313 P. 2d 725, this day decided. We conclude the findings of fact made by the trial court were supported by substantial competent evidence and, in turn, the conclusions of law were supported by and consistent with the findings of fact.

The authorities cited by the parties and the legal principles involved herein were considered in the case of *Teague v. Boeing Airplane Co.*, 181 Kan. 434, 312 P. 2d 220, where the facts were almost identical with those herein except that in the Teague case the particular spot in the parking area where claimant slipped and fell, because of an icy condition, was entirely *fenced by and under the exclusive control and supervision of the respondent.* As can be seen from the record herein, that case is clearly distinguishable from this one.

G. S. 1949, 44-508 ( *k* ) provides:

"The words 'arising out of and in the course of employment' as used in this act shall not be construed to include injuries to the employee occurring while he is on his way to assume the duties of his employment or after leaving such duties, the proximate cause of which injury is not the employer's negligence."

Claimant strenuously urges that we should adopt a rule followed in other jurisdictions to the effect that where the injured employee is "substantially" or "sufficiently" on the premises of the employer, the requirement of arising out of and in the course of the employment would be satisfied. He contends we have, for all practical purposes, adopted this rule by inference because in *Corpora v. Kansas City Public Service Co.*, 129 Kan. 690, 284 Pac. 818, in discussing a Massachusetts case ( *Driscoll v. London Guar. & Acc. Co. Ltd.*, 2 Mass. Workm. Comp. Cas. 570, 12 N. C. C. A. 667) we made mention of that court's words, ". . . if an employee is (reasonably?) on the premises. . . ." (p. 695.) An examination of both the Corpora case and the Driscoll case discloses the fact that the employee in each case was actually on the premises and "reasonably" was not used in the sense that claimant attempts to have us apply it here. We would have to expand "reasonably" to include the terms "substantially" or "sufficiently" and this we cannot do

because we would then be substituting this court's determination of the facts for that of the trial court. (*Shobe v. Tobin Construction Co.,* 179 Kan. 43, 46, 292 P. 2d 729.) Since the trial court had this same line of reasoning brought to its attention, but did not see fit to apply such a construction to the record before it, this brings us right back to the rule already stated that where there is substantial competent evidence to support the findings of the trial court, they will not be disturbed on appeal.

A careful examination of the record and the application of appropriate statutes together with our rule as to liberal construction in regard thereto all fail to disclose any error which would merit a reversal of the trial court's determination of this lawsuit.

The judgment is affirmed.