EDWARD I. NEUSTADT *vs.* JOHN E. JOYCE. December 19, 1962. Order dismissing report affirmed. On conflicting evidence the judge found that the negligence of the defendant was the sole cause of the collision with the plaintiff's vehicle. He made special findings of fact which supported the general finding for the plaintiff. Of the four requests of the defendant which were not granted, two were correctly ruled inapplicable in view of the facts found by the judge, and two in effect were requests for findings of fact which the judge was not required to make. The Appellate Division properly dismissed the report. No question of law is presented. *Holton* v. *Denaro*, 278 Mass. 261, 262–263. *Kelsey* v. *Hampton Court Hotel Co.* 327 Mass. 150, 152.

*Edward M. Joyce,* for the defendant, submitted a brief.

No argument or brief for the plaintiff.

PHYLLIS H. HARLOW'S CASE. December 19, 1962. Decree affirmed. The insurer appeals from a decree awarding compensation to the claimant, a clerk-teller in a small country bank. The board found that the claimant sustained a broken hip when she slipped and fell to the tile floor in the public lobby of the bank after she had returned from a personal errand on a rainy day. It found that the injury arose out of and in the course of her employment and that the fall was not caused by any physical or mental condition of the claimant. The standard of review is familiar. *Hachadourian's Case,* 340 Mass. 81, 85. *Buck's Case,* 342 Mass. 766. Although the claimant herself did not know what caused her to fall, there was evidence from other sources which justified a finding that she slipped. The fall was not preceded or attended by loss of consciousness. Evidence that four months prior to the fall the claimant had undergone an operation with a consequent reduction in pulmonary capacity does not, as contended, require a finding that the fall was idiopathic. The case in its essentials is covered by *Rogers's Case,* 318 Mass. 308. See *Souza's Case,* 316 Mass. 332, 335. Nothing in the record prompts us to recommit the case. Costs under G. L. c. 152, § 11A, shall be allowed by the single justice.

*Philander S. Ratzkoff* for the insurer.

*Irving Salloway* for the claimant.