(869 P.2d 761)
No. 69,554

LINDA THOMPSON (now Vinduska), *Claimant/Appellant,* v. LAW OFFICES OF ALAN JOSEPH, *Respondent/Appellee,* MARYLAND CASUALTY INSURANCE COMPANY, *Insurance Carrier/Appellee,* and KANSAS WORKERS' COMPENSATION FUND, *Appellee.*
Aff'd 256 Kan. 36, 883 P.2d 768 (1994).

Opinion filed March 4, 1994.

*Cortland Q. Clotfelter,* of Kassebaum & Johnson, of Wichita, for the appellant.

*Kim R. Martens* and *Curtis L. Perry,* of Kahrs, Nelson, Fanning, Hite & Kellogg, of Wichita, for the respondent/appellee, and *Vincent Bogart,* of Wichita, for the Workers Compensation Fund/appellee.

Before BRISCOE, C.J., ELLIOTT and LEWIS, JJ.

BRISCOE, C.J.: Linda Thompson (now Vinduska) appeals a denial of her workers compensation claim. She contends the K.S.A. 1987 Supp. 44-508(f) "going and coming" rule, precluding compensation where an employee is on the way to or from work, was inapplicable to her claim.

The facts are not in dispute. On the morning of March 21, 1988, Thompson drove to work, parking her car in a public parking garage across a public street from the office building in which she worked. Her employer paid her parking fees to park in the public lot. After parking her car, Thompson proceeded directly to her place of employment, taking an overhead walkway across the public street to the office building. She then took an elevator to the eighth floor where her place of employment was located. As she stepped out of the elevator, she slipped and fell and was injured. The extent of her injuries is not presently at issue. There are two office suites on the eighth floor, her employer's offices to the left of the elevator and those of an investment firm to the right of the elevator. There was no evidence that Thompson was headed left or right when she slipped and fell.

Thompson contends the district court erred as a matter of law by finding she was en route to her place of employment but not yet on her employer's "premises." She argues that when she fell she was on the premises of her employer and, therefore, the exception found in 44-508(f) is not applicable.

Our scope of review in workers compensation cases is well known. "An appellate court may substitute its judgment on questions of law but, on disputed issues of fact, the appellate court 'must view the evidence in the light most favorable to the prevailing party and determine whether there is substantial competent evidence to support the findings of the trial court.' [Citations omitted.]" *Reeves v. Equipment Service Industries, Inc.*, 245 Kan. 165, 173, 777 P.2d 765 (1989).

K.S.A. 1987 Supp. 44-501(a) provides:

"If in any employment to which the workers compensation act applies, personal injury by accident arising out of and in the course of employment is caused to an employee, the employer shall be liable to pay compensation to the employee in accordance with the provisions of the workers compensation act. In proceedings under the workers compensation act, the burden of proof shall be on the claimant to establish the claimant's right to an award of compensation and to prove the various conditions on which the claimant's right depends."

K.S.A. 1987 Supp. 44-508(f) provides an exception to coverage where an employee is en route to work but not yet on the employer's premises:

"The words 'arising out of and in the course of employment' as used in the workers compensation act shall not be construed to include injuries to the employee occurring while the employee is on the way to assume the duties of employment or after leaving such duties, the proximate cause of which injury is not the employer's negligence. An employee shall not be construed as being on the way to assume the duties of employment or having left such duties at a time when the worker is on the premises of the employer or on the only available route to or from work which is a route involving a special risk or hazard and which is a route not used by the public except in dealings with the employer."

Thompson argues she was on her employer's premises as soon as she parked the car. Therefore, she was clearly on her employer's premises when she slipped and fell. She also argues, at the very least, the area where she fell was a part of her employer's premises. She does not argue that her injuries were proximately caused by the employer's negligence or that the route she took to her employer's office involved any special risk or hazard.

In support of Thompson's argument that she was on her employer's premises as soon as she parked her car, she cites *Teague v. Boeing Airplane Co.*, 181 Kan. 434, 312 P.2d 220 (1957). Prior to Teague's fall, she was admitted into Boeing's fenced parking lot designated for employee parking because a Boeing sticker was displayed on her car. She parked in a parking space designated by Boeing for her use. If an employee parked in an unassigned space, the employee's car would be towed or the employee would receive a reprimand from Boeing. The area of the lot where she parked was graveled, but she had to cross a paved section of the lot to get to the plant entrance. While she was traversing the paved area, she slipped on the ice and fell.

In *Teague*, the court found that claimant's injury was incidental to her employment at Boeing and therefore compensable. In reaching this conclusion, the court noted that it was necessary for claimant to walk across the icy parking lot, upon which she slipped and fell and was injured. Although not clear from *Teague*, the fact that the parking lot was under the exclusive control and supervision of Boeing was apparently of particular importance in holding that claimant's injury was compensable. Later cases emphasize this point.

In *Murray v. Ludowici-Celadon Co.*, 181 Kan. 556, 313 P.2d 728 (1957), the Supreme Court considered the claim of an em-

ployee who was injured in an alley into which traffic from an employer-provided parking lot flowed. The court distinguished *Teague* on the basis that, in *Teague*, "the particular spot in the parking area where claimant slipped and fell, because of an icy condition, was entirely *fenced by and under the exclusive control and supervision of the respondent.*" 181 Kan. at 559. Unlike the parking lot in *Teague*, the employer in *Murray* had no right or duty to exercise control over the alley. The court considered the predecessor statute codifying the exception at issue in this case, and claimant urged the court to adopt a rule whereby the requirement of arising out of and in the course of the employment would be satisfied if the injured employee was "substantially" or "sufficiently" on the premises of the employer. The court declined to do so because it was bound to follow the trial court's determination of the facts. 181 Kan. at 559-60.

At issue in *Madison v. Key Work Clothes*, 182 Kan. 186, 318 P.2d 991 (1957), was whether a sidewalk outside the employer's factory was part of the employer's premises. The court distinguished *Teague* as it had in *Murray* on the basis that, in *Teague*, the Boeing parking lot "was entirely *fenced by and under the exclusive control and supervision of [Boeing]*." 182 Kan. at 191. The court apparently concluded the sidewalk was not part of the employer's premises because it was not under the exclusive control of the employer. The court stated:

"Textwriters and decisions of the courts of last resort in other jurisdictions have been cited extensively by the parties to this appeal, and some jurisdictions have expanded recovery in workmen's compensation cases to include injury received when an employee is 'going and coming,' if, in such a case, injury does not occur on the premises, but in close proximity to the place of work and on a road or other way intended and contemplated by the contract [of employment] as being the exclusive means of access to the place of work. [Citations omitted.] *Kansas, however, has not adopted this rule.*" (Emphasis added.) 182 Kan. at 191.

In *Chapman v. Victory Sand & Stone Co.*, 197 Kan. 377, 416 P.2d 754 (1966), an employee was killed on his way to work when he was hit by a train as he crossed the railroad tracks which ran adjacent to his employer's property. In considering the predecessor statute to 44-508(f), the court once again distinguished *Teague* on the basis that there the employee was injured in a

fenced-in area that was under the employer's control and supervision. The court noted that the railroad crossing was not under the employer's dominion and control. 197 Kan. at 381.

The claimant in *Chapman* also argued the employee met his death because he was subjected to a risk, not shared by the public, at a time and place necessarily incident to his employment. He argued that, when he entered this zone of danger contemplated by his employment, he was deemed to have arrived at work. The court recognized that the Workers Compensation Act is to be liberally construed to effectuate the purpose and intent of the legislature, but stated:

"The statute here under consideration is simply a codification of the 'going and coming' rule universally developed by courts in construing Workmen's Compensation Acts. It has been a part of our workmen's compensation law since 1917. [Citation omitted.] It is a legislative declaration there is no causal relation between an injury and the business which employs another, that is, the injury does not arise out of the nature, conditions, obligations or incidents of the employment, while the employee is on his way to assume his duties or after leaving his duties, which is not proximately caused by the employer's negligence. In the language of the statute, such an injury does not arise out of and in the course of the employment. While the statute does not define the place where the employee is 'to assume the duties of his employment,' our decisions are to the effect it is a place where an employee may reasonably be during the time he is doing what a person so employed may reasonably do during or while the employment is in progress. They require that the employee be engaged in some activity contemplated by and causally related to the employment. [Citations omitted.]" 197 Kan. at 382-83.

The *Chapman* court examined *Madison* and *Murray* and searched the record for evidence to establish that the parties actually contemplated the employer's assumption of the railroad crossing hazard as a part of the contract of employment. Finding no such assumption, the court affirmed the district court's decision denying compensation.

The interpretation given the "going and coming" rule in the foregoing Kansas cases leads us to conclude the parking garage in the present case was not a part of the employer's premises because it was not under the employer's exclusive control. We reach this conclusion fully cognizant that there is contrary authority from other jurisdictions. See 1 Larson's Workmen's Compensation Law § 15.42(a) (1993).

Thompson also argues she was on her employer's premises when she slipped and fell. We have found no Kansas case applying the 44-508(f) "going and coming" rule precluding compensation where an employee was injured in the common area of an office building in which the employer leased space.

Returning again to an analysis of the statute's language, we note that, in response to *Chapman*, the legislature amended the "going and coming" exception, narrowing the exception slightly by adding language that is now the second sentence of 44-508(f). See Wells and Looney, *Survey of Kansas Law: Workmen's Compensation*, 18 Kan. L. Rev. 478, 483 (1970); 1 Larson's § 15.11 n.2, § 15.44. *Chapman* effectively defines "premises" as the "place where an employee may reasonably be during the time he is doing what a person so employed may reasonably do during or while the employment is in progress." 197 Kan. at 383. Because the statute in effect when *Chapman* was decided did not contain the second sentence of 44-508(f) now in effect, this language technically defines "the place where the employee is 'to assume the duties of his employment.'" 197 Kan. at 383. Looking at the statute, it appears this phrase and "premises" are interchangeable. Black's Law Dictionary 1181 (6th ed. 1990) states:

" 'Premises' of the employer as used in workers' compensation acts is not restricted to the permanent site of the statutory employer's business nor limited to property owned or leased by him but contemplates any place under the exclusive control of employer where his usual business is being carried on or conducted."

Further, as seen in the foregoing cases, Kansas courts have refused to expand coverage to include cases where a claimant was "substantially" or "sufficiently" on an employer's premises.

Thompson cites 1 Larson's § 15.43 and cases from foreign jurisdictions to the contrary.

"When the place of employment is a building, it is not necessary that the employer own or lease the place where the injury occurred. It is sufficient if he has some kind of right of passage, as in the case of common stairs, elevators, lobbies, vestibules, concourses, hallways, walkways, ramps, footbridges, driveways, or passage ways through which the employer has something equivalent to an easement." 1 Larson's § 15.43.

Three of the cases cited by Thompson are factually distinguishable. In *Chicago Tribune Co. v. Industrial Com.*, 136 Ill. App.

3d 260, 483 N.E.2d 327 (1985), an employee fell in a public gallery on her way to her work station in the same building. Unlike the present case, the building in which she fell was owned by her employer. In *In re Harlow's Case,* 345 Mass. 765, 186 N.E.2d 925 (1962), a clerk-teller was injured when she fell in the public lobby of the bank where she worked as she returned from a personal errand. In *Berkowitz v. New York State Labor Relations Board,* 67 App.Div.2d 773, 412 N.Y.S.2d 444 (1979), the employee was injured in the concourse of an office building in which her employer leased space, but the employee was in the process of taking letters from the office to a mailbox.

In *Brown v. W.C.A.B. (Transworld Airlines),* 505 Pa. 35, 476 A.2d 900 (1984), an employee of a tenant in a multi-purpose office complex was injured when she slipped and fell on the recently waxed floor of a common lobby. The court held that the injury was compensable because the employee was leaving work through the only available route out of the building.

"Appellee's work schedule in Chatham Center necessitated her leaving the building on a fixed route, which must have been known to her employer, at a time when cleaning operations were normally conducted in the common areas. The risk of an injury in traversing such an area could have been foreseen by appellee and by her.employer."' 505 Pa. at 42.

We note a similar rationale was rejected in *Chapman,* 197 Kan. 377, and, as in *Chapman,* there are no facts in the present case indicating the employer assumed any risk.

The remaining case is not factually distinguishable. In *DeHowitt v. Hartford Fire Ins. Co.,* 99 Ga. App. 147, 108 S.E.2d 280 (1959), the employee was injured on his way to work within a building in which his employer leased space. The court held: "Where the employer's place of business is located in a building of which it occupies only a part, and two ways through the building are the only means of ingress and egress to and from such place of business, both ways are parts of the employer's premises within the meaning of the workmen's compensation law." 99 Ga. App. at 148.

While *DeHowitt* is not factually distinguishable from the facts presented in the present case, we are ultimately guided by the previously cited Kansas authorities which indicate that Kansas narrowly construes the term "premises" to be a place controlled

by the employer or a place where an employee may reasonably be during the time he or she is doing what a person so employed may reasonably do during or while the employment is in progress. Because Thompson was not on her employer's premises as the term has been interpreted by Kansas courts, the "going and coming" exclusion applies to bar her recovery.

Affirmed.