(871 P.2d 268)
No. 69,838

BRIAN BAY, *Appellant*, v. MICHAEL TORY FUNK, *Appellee*.

Opinion filed March 25, 1994.

*Randall C. Henry*, of Mitchell & Henry, of Sterling, for the appellant.

*C. Stanley Nelson*, of Hampton, Royce, Engleman & Nelson, of Salina, for the appellee.

Before BRAZIL, P.J., RULON and PIERRON, JJ.

PIERRON, J.: Brian Bay, plaintiff, appeals from the district court decision granting summary judgment to defendant Michael Funk. Bay claims there are disputed questions of material fact that make this case unsuitable for summary judgement. We affirm.

On December 20, 1990, Brian Bay was employed as a security guard for Midwest Security Systems. Bay was under contract to Exide Corporation. Bay's job duties included inspecting trucks leaving the plant. To accomplish this inspection, the truck would pull over to the far right-hand side of the road, and Bay would walk around the truck to inspect the seal on the rear door of the vehicle.

As Bay was walking along the south side of a truck he was inspecting, Michael Funk ran a stop sign and struck Bay. Funk, an Exide employee, was reporting for work on the 11:00 p.m. shift. He was traveling approximately 23-28 miles per hour and did not stop at a stop sign located just ahead of the guard shack where the accident occurred.

Burg Road where the accident occurred is a county right-of-way. The county placed a stop sign at the plant entrance, pursuant to Exide's request. Exide and Bay were aware that many employees ran the stop sign and traveled through the area at an excessive rate of speed. Bay had reported employees to Exide for failure to obey the traffic regulations. Exide responded by posting a notice that any employee failing to obey the traffic regulations would be suspended. Exide did not attempt to enforce the traffic regulations.

Exide required its employees to use the county road, which ends at the plant, to enter and leave the worksite. The only people using the road were people traveling to and from the plant. Funk moved for summary judgment, arguing co-employee status barred a separate action for negligence.

The court held Bay was a statutory employee and, as such, was covered by Exide's workers compensation plan. No party disputes this decision. What is disputed is whether Bay may maintain a separate civil action against Funk. The court held the separate action is prohibited by K.S.A. 44-508(f). The district court believed the accident occurred within the scope and course of Funk's employment.

On appeal, Bay argues there were disputed questions of maerial fact, making this case inappropriate for summary judgment. K.S.A. 1993 Supp. 60-256(c). However, it seems clear from the record that there were no disputed facts. Rather, the dispute was over the legal meaning of the facts. In *Finstad v. Washburn University*, 252 Kan. 465, 468, 845 P.2d 685 (1993), the Supreme Court stated:

"Where the facts are not disputed, summary judgment is appropriate. We must view those facts in the light most favorable to the party who defended against the motion for summary judgment, and if reasonable minds could differ as to the conclusion drawn from the facts, summary judgment must be denied. However, if the only questions presented are questions of law, the summary judgment is proper. [Citation omitted.]"

This appeal may be resolved based on the legal conclusion reached by the district court. Appellate review of questions of law is unlimited. *Hutchinson Nat'l Bank & Tr. Co. v. Brown*, 12 Kan. App. 2d 673, 674, 753 P.2d 1299, *rev. denied* 243 Kan. 778 (1988).

Workers compensation applies to all "personal injur[ies] by accident arising out of and in the course of employment." K.S.A. 44-501. Workers compensation is a sole remedy, and an injured employee may not seek recovery against the employer or a fellow employee if workers compensation applies to the injury. K.S.A. 44-501(b).

No party disputes that Bay is entitled to workers compensation benefits for the injuries sustained in the accident. However, Funk argues the co-employee status bars a separate civil action. This court has considered this issue in *Wells v. Anderson*, 8 Kan. App. 2d 431, 433, 659 P.2d 833, *rev. denied* 233 Kan. 1093 (1983), where we stated: "We conclude that mere co-employee status is not sufficient for immunity. There must be some connection between the defendant's acts and his employment for immunity to attach." The test to determine whether immunity applies is whether the co-employee "would have been entitled to receive compensation had he been injured in the same accident." 8 Kan. App. 2d at 434.

Employees may not recover workers compensation benefits if they are injured traveling to and from work. *Messenger v. Sage Drilling Co.*, 9 Kan. App. 2d 435, 680 P.2d 556, *rev. denied* 235 Kan. 1042 (1984). The legislature has carved out an exception to this rule in K.S.A. 44-508(f). Funk maintains had he been injured, he could have recovered based on the definition of "arising out and in the course of employment" given in K.S.A. 44-508(f). That statute states in part:

"The words 'arising out of and in the course of employment' as used in the workers compensation act shall not be construed to include injuries to the employee occurring while the employee is on the way to assume the duties of employment or after leaving such duties, the proximate cause of which injury is not the employer's negligence. *An employee shall not be construed as being on the way to assume the duties of employment or having left such duties at a time when the worker is on the premises of the employer or on the only available route to or from work which is a route involving a special risk or hazard and which is a route not used by the public except in dealings with the employer.*" (Emphasis added.)

Funk argued, and the trial court ruled, that the trucks parked on the road constituted a special risk, and the route to and from the plant was not used by the public except in dealing with the employer. Thus, although technically on the way to work at the

time of accident, Funk was exempt from that status as defined in the statute. The trial court also ruled that Exide had "constructive possession" of the road from the guard shack to its actual property line. Using this logic, the court held Funk was on Exide's property at the time of the accident.

We question the "constructive possession" finding, as all parties agreed the road was public property, constructed and maintained by the county. While Exide had requested a stop sign and did threaten to suspend employees who were reported for violating traffic ordinances, Exide had not taken over the policing of the road. See *Chadwell v. Clements*, 18 Kan. App. 2d 84, 847 P.2d 1344 (1993) (business had no authority over public street; not liable for injury to employee occurring on street). See also *Chapman v. Victory Sand & Stone Co.*, 197 Kan. 377, 416 P.2d 754 (1966) (fact company erected fence and gate on State property did not mean property was under dominion and control of company; no liability for employee's death).

However, based on the undisputed facts, the court was correct in holding Funk, if injured, could have recovered workers compensation benefits for his injuries. In *Messenger v. Sage Drilling Co.*, 9 Kan. App. 2d at 438, this court stated "the question of whether the 'going and coming' rule applies must be addressed on a case-by-case basis." While travel was not an intrinsic part of Funk's job, the risk that caused the accident in this case falls within the exception set out in K.S.A. 44-508(f).

Exide created the special risk by directing employees and drivers to park on the road for inspection. Exide created further risk by directing pedestrians to walk in the path of oncoming traffic to conduct these inspections. Also, Exide told employees to use Burg Road to travel to and from work. Had Funk been injured, it seems clear he would have been entitled to workers compensation benefits. Granted, his own negligence was in part responsible for the accident. Admittedly, he ran a stop sign and was speeding at the time of the accident. However, the negligence of the employer was the proximate cause of this accident.

There does not seem to be much guidance in defining "special risk".

We note K.S.A. 44-501(d)(1), which states:

"If the injury to the employee results from the employee's deliberate intention to cause such injury, or from the employee's willful failure to use a guard or protection against accident required pursuant to any statute and provided for the employee, *or a reasonable and proper guard and protection voluntarily furnished the employee by the employer*, any compensation in respect to that injury shall be disallowed." (Emphasis added.)

Arguably, the stop sign was a safety device provided by the company, as it was erected at Exide's request. However, the decision to erect the sign was made by the county, which has control over traffic signage on county roads, and county employees did the work. This was not an employer-provided guard or protection even if such a traffic control device could be so defined.

We acknowledge that someone in Funk's general situation could remove himself or herself from the scope of the Workers Compensation Act through his or her acts, but facts of that kind are not present here.

Both parties urge a liberal construction of the Workers Compensation Act to favor employees. This provision of the Act was changed in 1987 and now requires liberal interpretation to bring employees and employers within the Act. However, the Act is to be applied impartially to both employers and employees. K.S.A. 44-501(g).

We find the trial court was correct in finding Funk, at the time of the accident, was engaged in activities "arising out of and in the course of employment" as used in the Workers Compensation Act. The fact that he most probably was acting in a negligent manner at the time of the accident and was not injured does not change the law controlling this situation. To do so would require us to find him an employee at the time if he was injured but not an employee if he was not injured.

Affirmed.