No. 69,554

LINDA THOMPSON (now Vinduska), *Claimant/Appellant,* v. LAW OFFICES OF ALAN JOSEPH, *Respondent/Appellee,* MARYLAND CASUALTY INSURANCE COMPANY, *Insurance Carrier/Appellee,* and THE KANSAS WORKERS COMPENSATION FUND, *Appellee.*
(883 P.2d 768)

Opinion filed October 28, 1994.

*Cortland Q. Clotfelter,* of Kassebaum & Johnson, of Wichita, argued the cause and was on the briefs for appellant.

*Kim R. Martens,* of Kahrs, Nelson, Fanning, Hite & Kellogg, of Wichita, argued the cause, and *Curtis L. Perry,* of the same firm, was with him on the briefs for appellees Law Offices of Alan Joseph and Maryland Casualty Insurance Company.

*Vincent L. Bogart,* of Klenda, Mitchell, Austerman & Zuercher, of Wichita, argued the cause for appellee Kansas Workers Compensation Fund.

*Kelly W. Johnston,* of The Johnston Law Offices, P.A., of Wichita, appeared on the brief for *amicus curiae* Kansas Trial Lawyers Association.

The opinion of the court was delivered by

ABBOTT, J.: This is an appeal by Linda Thompson Vinduska whose workers compensation claim was denied because her injury did not arise out of the course of her employment for the reason that she was not on her employer's "premises" when her injury occurred.

The facts are not in dispute. Linda was employed by the Law Offices of Alan Joseph (Employer). As part of her employment contract, Linda was furnished parking in a public parking garage across a public street from the office building in which she worked. She had two options in going from the parking garage to her place of employment. The first option was going to the ground floor of the public parking garage, crossing the public street, and, after entering the office building where she worked, taking the elevator to the eighth floor where Employer's law office is located. The second option was the one used on the day of the accident and the one normally used, and that was to go to the fourth floor of the public parking garage, use an enclosed overhead walkway across the public street to the office building, and take an elevator to the eighth floor.

The elevator exit on the eighth floor is into a hallway. There are two offices off of the hallway. Employer's law office is to the left as one leaves the elevator and an investment office is to the right. As Linda exited the elevator, she slipped and fell, incurring the injury that is the subject of this workers compensation claim.

Linda argues she was on her employer's premises as soon as she parked her car. Therefore, she was clearly on her employer's premises when she slipped and fell. She also argues, in the alternative, that the area where she fell was a part of her employer's premises. She does not argue that her injuries were proximately caused by the employer's negligence or that the route she took to her employer's office involved any special risk or hazard.

Neither the parking garage nor the building in which Linda was employed (including the elevator and eighth floor hallway) were owned, controlled, or maintained by Employer, although as noted earlier, the firm paid for Linda's parking as part of her employment contract.

The administrative law judge (ALJ) denied compensation on the basis that Linda was en route to work when the injury occurred. The Director of Workers Compensation, the district court, and the Court of Appeals affirmed the ALJ's decision. *Thompson v. Law Offices of Alan Joseph*, 19 Kan. App. 2d 367, 869 P.2d 761 (1994). This court granted Linda's petition for review. Both parties filed supplemental briefs, and the Kansas Trial Lawyers Association (KTLA) filed an *amicus curiae* brief.

The sole issue presented here is whether Linda's injury occurred on her employer's "premises."

K.S.A. 44-501(a) provides the situations under which workers compensation benefits apply:

"If in any employment to which the workers compensation act applies, personal injury by accident arising out of and in the course of employment is caused to an employee, the employer shall be liable to pay compensation to the employee in accordance with the provisions of the workers compensation act. In proceedings under the workers compensation act, the burden of proof shall be on the claimant to establish the claimant's right to an award of compensation and to prove the various conditions on which the claimant's right depends. In determining whether the claimant has satisfied this burden of proof, the trier of fact shall consider the whole record."

K.S.A. 44-508(f) establishes an exception to coverage where an employee is going to work but is not yet on the employer's premises:

"The words 'arising out of and in the course of employment' as used in the workers compensation act shall not be construed to include injuries to the employee occurring while the employee is on the way to assume the duties of employment or after leaving such duties, the proximate cause of which injury is not the employer's negligence. An employee shall not be construed as being on the way to assume the duties of employment or having left such duties at a time when the worker is on the premises of the employer or on the only available route to or from work which is a route involving a special risk or hazard and which is a route not used by the public except in dealings with the employer."

Under K.S.A. 44-508(f), the "going and coming" rule excludes compensation if the employee is on his or her way to or from work. However, the "premises" rule creates an exception to the "going and coming" rule where the employee is on the employer's

premises even if the employee is on his or her way to or from work.

Linda contends that her injury does not fall within the K.S.A. 44-508(f) going and coming exception to coverage because both the parking garage and the office building are part of her employer's premises.

In denying coverage, the Court of Appeals relied on a series of Kansas Supreme Court decisions: *Chapman v. Victory Sand & Stone Co.*, 197 Kan. 377, 416 P.2d 754 (1966); *Madison v. Key Work Clothes*, 182 Kan. 186, 318 P.2d 991 (1957); *Murray v. Ludowici-Celadon Co.*, 181 Kan. 556, 313 P.2d 728 (1957); and *Teague v. Boeing Airplane Co.*, 181 Kan. 434, 312 P.2d 220 (1957). While acknowledging authority from other jurisdictions to the contrary, the Court of Appeals construed the Kansas cases to "indicate that Kansas narrowly construes the term 'premises' to be a place controlled by the employer or a place where an employee may reasonably be during the time he or she is doing what a person so employed may reasonably do during or while the employment is in progress." 19 Kan. App. 2d at 373-74. The court held that neither the parking garage nor the area where Linda fell were part of her employer's premises; therefore, the "going and coming" rule barred her recovery.

The Court of Appeals' construction of the term "premises" is accurate. The Court of Appeals has more than adequately analyzed the Kansas opinions on point, and nothing would be gained by repeating that analysis here.

Not only has this court recognized the "premises" rule as an exception to the "going and coming" rule, in *Chapman* this court stated:

"The statute here under consideration is simply a codification of the 'going and coming' rule universally developed by courts in construing Workmen's Compensation Acts. It has been a part of our workmen's compensation law since 1917. [Citation omitted.] It is a legislative declaration there is no causal relation between an injury and the business which employs another, that is, the injury does not arise out of the nature, conditions, obligations, or incidents of the employment, while the employee is on his way to assume his duties or after leaving his duties, which is not proximately caused by the employer's negligence. In the language of the statute, such an injury does not arise out of and in the

course of the employment. While the statute does not define the place where the employee is 'to assume the duties of his employment,' our decisions are to the effect it is a place where an employee may reasonably be during the time he is doing what a person so employed may reasonably do during or while the employment is in progress. They require that the employee be engaged in some activity contemplated by and causally related to the employment. [Citations omitted.]" 197 Kan. at 382-83.

Relying on *Murray* and *Madison*, this court rejected the "proximity" or "zone of danger" rule.

After *Chapman*, the Kansas Legislature codified the "premises" rule and adopted the "special hazard" rule as exceptions to the "going and coming" rule by adding the following language to what is now K.S.A. 44-508(f): "An employee shall not be construed as being on the way to assume the duties of employment or having left such duties at a time when the worker is on the premises of the employer or on the only available route to or from work which is a route involving a special risk or hazard and which is a route not used by the public except in dealings with the employer." See L. 1968, ch. 102, § 2.

Kansas precedents require control by an employer for an area to be a part of the employer's premises for purposes of the "premises" exception to the "going and coming" rule. Because Employer did not own or have control over the area where Linda was injured, the Court of Appeals found Linda's injury not compensable.

On review, Linda reasserts that both the parking garage and the elevator landing constituted part of her employer's premises. Linda contends that the Court of Appeals gave too narrow a construction to the term "control" and that "premises" should be construed to include the job site or location of employment. Linda points out that her sole purpose for being in the location where she was injured was for the benefit of her employer.

Linda suggests that this court indicated a broader definition of "premises" in *Bailey v. Mosby Hotel Co.,*160 Kan. 258, 160 P.2d 701 (1945). In *Bailey*, the Jayhawk Hotel contracted with the Office Supply & Equipment Company to clean and wax the floor of the hotel coffee shop. Bailey was employed by the supply company. He was injured after he entered the hotel to do the work

and was waiting for the elevator to take him to the lower floor where the coffee shop was located. Linda points to language in *Bailey* where this court stated: "If the appellant were here seeking to recover under the compensation act certainly it would be a strict construction of the act to hold that he had not reached the premises and the place where he was to work." 160 Kan. at 264. However, this statement must be read in the context of this court's holding earlier in the opinion that the hotel was liable to Bailey by virtue of his status as an employee of the company with which the hotel contracted to the same extent the hotel would be liable to Bailey if the hotel had employed Bailey directly. 160 Kan. at 261-63. Thus, the crucial factor was that Bailey was treated as an employee of the hotel, and only a strict construction of the Workers Compensation Act would justify finding that the elevator landing was not part of the employer's premises where the employee was to work in the coffee shop. *Bailey* sets forth no different a situation than in *Teague*, where the employee was injured on one part of the employer's premises (the parking lot) although her specific work location was in another area of the premises (inside the plant).

Linda also cites several cases from other jurisdictions and urges this court not to limit the definition of "premises" to the employer's leasehold. The KTLA joins Linda in urging this court to adopt a definition of "premises" which includes a parking lot provided by an employer because the parking lot benefits the employer as well as the employee. The KTLA asks this court to recognize the majority rule that an injury sustained while the employee is passing from one area of an employer's premises to another (here, from the parking lot to the office) is compensable. The KTLA also suggests that the "premises" rule should be modified in keeping with public policy and the changing economy in which multi-story office buildings are commonplace. The KTLA also cites cases from other jurisdictions to support its arguments.

Employer and its insurance carrier respond that the other jurisdictions cited do not have statutes similar to K.S.A. 44-508(f) but have adopted the majority rule, whereas Kansas follows a minority rule which was adopted by the legislature.

This precise issue has not been addressed by Kansas courts. It would not be beneficial to discuss in detail each case cited by the parties and the *amicus curiae* here. For a general discussion of the "going and coming" rule and the "premises" exception with respect to parking areas and office buildings, see 82 Am. Jur. 2d, Workers' Compensation §§ 296-310; Annot., 4 A.L.R.5th 443; Annot., 4 A.L.R.5th 585; 1 Larson's Workmen's Compensation Law §§15.00 *et seq.*, especially §§ 15.42-15.44 (1953).

Larson states the general "premises" rule with respect to parking lots:

"As to parking lots owned by the employer, or maintained by the employer for his employees, practically all jurisdictions now consider them part of the 'premises,' whether within the main company premises or separated from it. This rule is by no means confined to parking lots owned, controlled, or maintained by the employer. The doctrine has been applied when the lot, although not owned by the employer, was exclusively used, or used with the owner's special permission, or just used, by the employees of the employer." 1 Larson's Workmen's Compensation Law § 15.42(a), pp. 4-104 to 4-121.

*Barnes v. Stokes*, 233 Va. 249, 355 S.E.2d 330 (1987), provides a good discussion. There, the claimant was injured in a parking lot adjacent to the two-story building in which her employer's offices were located. The employer leased one floor of the building. Although the employer did not own or maintain the parking lot, the employer was allocated a certain portion of the lot for its employees' use. The employer specifically requested its employees to park in the designated area, and it was in that area that the claimant was injured. The court noted an exception to the "going and coming" rule for injuries which occur on a parking lot owned by the employer. The court stated: "[W]hile the situs of injury was not on property owned or maintained by plaintiff's employer, nevertheless it was on premises of another that were in such proximity and relation to the space leased by the employer as to be in practical effect the employer's premises." 233 Va. at 252. The court concluded:

"[A] parking area adjacent to a work site is a valuable fringe benefit for employees. Because that convenience reduces tardiness and enhances the desirability of a particular workplace, such a facility also benefits the employer. [Citation omitted.] Thus, consistent with the philosophy of workers' compensation,

industry properly should be charged with the expense of injury which, as here, occurs at a place furnished as an incident to the employment and happens at a time when employees reasonably can be expected to use the designated area, even though the specific location is not owned or maintained by the employer." 233 Va. at 253.

The court thus found the claimant's injury compensable.

A similar result was reached in *Woodruff World Travel, Inc. v. Indust. Comm.*, 38 Colo. App. 92, 554 P.2d 705 (1976), where the employer leased space in an office building and the landlord provided free parking in an adjacent lot to employees of tenants. The claimant was injured as she crossed the parking lot to her car after work. The court stated:

"While the Court in [an earlier] case approved an award of benefits to an employee injured while crossing a public street to reach the employer's parking lot after working hours, we do not construe the holding in that case as limited to cases where an employee is injured near or on a parking lot owned, maintained, or controlled by the employer. Rather, that case established an exception to the general rule regarding off-premises injuries to the effect that if special circumstances surrounding the employee's injury reflect a causal connection between the conditions under which the work is to be performed and the resulting off-premises injury, compensation is proper." 38 Colo. App. at 94.

The court concluded that there was a causal connection between the claimant's employment and her injury:

"Space in that parking lot was afforded Woodruff for the use of its employees, and Woodruff was aware that its employees used the lot. Parking privileges constituted an obvious fringe benefit to claimant. Claimant was injured while in the act of enjoying that benefit. Hence, the necessary causal connection appears." 38 Colo. App. at 94-95.

In *Livingstone v. Abraham & Straus, Inc.*, 111 N.J. 89, 543 A.2d 45 (1988), the employer was a tenant in a shopping mall. The claimant was injured after parking her car in a section of the mall parking lot. The mall parking lot was not part of the employer's premises, nor did the employer have control over the entire lot; the employer's lease agreement with the mall owner provided for general access to the mall's parking facilities. However, the employer directed its employees to park in a certain remote area of the lot. The court stated:

"In this context, the 'control' standard . . . is fully satisfied: not only did Abraham & Straus have the ability to direct its employees to park in the designated

area; it also had the power to appropriate this far corner of the lot to its own use, and did so. . . . Even though Abraham & Straus lacked control in the formal property law sense, it possessed, factually, almost the identical attributes of control, which are sufficient to satisfy the principles underlying the statute." 111 N.J. at 105.

By requiring its employees to park in a remote area of the lot, the employer exposed its employees to an added hazard in order to enhance its business interests by leaving the closer parking spaces available for customers. The injury was found compensable.

In the case at bar, Employer provided parking to Linda as a fringe benefit of her employment. However, there is no evidence that Employer controlled Linda's parking in any way other than paying for her monthly parking fee. The *Barnes*, *Woodruff*, and *Livingstone* decisions are all distinguishable because in these cases the parking area was furnished by the employer's landlord. There is no evidence here that the owner of the building where Employer rented office space also owned the public parking garage where Linda parked her car. Unlike in *Livingstone*, where the employer directed its employees to park in a certain area of the lot, there is no evidence Employer engaged in such control over Linda's parking. Linda was subject to no greater risk than members of the general public who used the parking garage. The public parking garage is not part of Employer's premises.

Linda and the KTLA also urge this court to recognize that common areas of the building in which Employer's offices were located constitute part of Employer's premises. Larson states the general premises rule with respect to office buildings:

"When the place of employment is a building, it is not necessary that the employer own or lease the place where the injury occurred. It is sufficient if he has some kind of right of passage, as in the case of common stairs, elevators, lobbies, vestibules, concourses, hallways, walkways, ramps, footbridges, driveways, or passage ways through which the employer has something equivalent to an easement." 1 Larson's Workmen's Compensation Law §15.43.

In *DeHowitt v. Hartford Fire Ins. Co.*, 99 Ga. App. 147, 148, 108 S.E.2d 280 (1959), the court adopted an absolute rule:

"Where the employer's place of business is located in a building of which it occupies only a part, and two ways through the building are the only means of

ingress and egress to and from such place of business, both ways are parts of the employer's premises within the meaning of the workmen's compensation law."

In *Hansen v. Industrial Com'n of Arizona*, 141 Ariz. 190, 685 P.2d 1342 (1984), the court adopted a "range of risk" exception to the premises rule. The employer contracted to stage plays at a hotel. The actors were permitted to use one of the hotel rooms as a dressing room. The claimant, one of the actors, arrived at the hotel and went to the hotel lounge to speak with her employer. When leaving the lounge to go to her dressing room, she was injured. It was not unreasonable for the claimant to have sought out her employer before going to the dressing room. The court held that "although [claimant] was not on the physical premises controlled by her employer, she was nonetheless within the range of risk causally related to her employment that would justify a compensable award for her injury." 141 Ariz. at 195.

In *Brown v. W.C.A.B. (Transworld Airlines)*, 505 Pa. 35, 476 A.2d 900 (1984), the claimant was injured in the first floor lobby of the building in which her employer had an office. She was leaving the office after her three p.m. to midnight shift on the only route available at that time. The court stated:

"[Appellee's] departure from her place of employment after midnight . . . required her to take the only available route out of the building. She was injured in the course of that departure. Appellee's work schedule . . . necessitated her leaving the building on a fixed route, which must have been known to her employer, at a time when cleaning operations were normally conducted in the common areas. The risk of an injury in traversing such an area could have been foreseen by appellee and by her employer. Appellee, however, had no optional exit which would have avoided these risks. She was, thus, clearly required to be in this area because of her employment." 505 Pa. at 42.

However, a similar rationale was rejected by this court in *Chapman*, 197 Kan. 377. The legislative response to *Chapman* allows compensation for an employee's injuries occurring to or from work only if the only available route has a special risk or hazard. K.S.A. 44-508(f).

In the case at bar, the district court found that Employer had no right to control the ingress to and egress from the elevator onto the floor of the office building where its office was located

and that Linda's injury did not occur on her employer's premises. This court has repeatedly refused to adopt a "proximity" or "zone of employment" rule. In *Murray*, 181 Kan. 556, this court rejected the employee's claim that he was "substantially" or "sufficiently" on his employer's premises at the time of the injury, and we denied compensation for an injury which occurred in an alley running through the employer's parking lot. In *Madison*, 182 Kan. 186, the employee was injured on the sidewalk in front of the employer's business, and this court again refused compensation. In *Walker v. Tobin Construction Co.*, 193 Kan. 701, 396 P.2d 301 (1964), the employee was injured on a public street in front of the employer's premises and, again, this court refused compensation.

The rationale for the "going and coming" rule is that while on the way to or from work the employee is subjected only to the same risks or hazards as those to which the general public is subjected. Thus, those risks are not causally related to the employment. See *Hansen v. Industrial Com'n of Arizona*, 141 Ariz. at 192-93; 82 Am. Jur. 2d, Workers' Compensation § 296. However, once the employee reaches the premises of the employer, the risks to which the employee is subjected have a causal connection to the employment, and an injury sustained on the premises is compensable even if the employee has not yet begun work. Thus, the "premises" rule is an exception to the "going and coming" rule. Here, however, Linda had not yet arrived at her employer's premises.

K.S.A. 44-508(f) permits only two exceptions to the "going and coming" rule: a "premises" exception and a "special hazard" exception. Linda does not argue that the "special hazard" exception applies. Linda was not on her employer's premises at the time of the injury, nor was she yet performing any duties associated with her employment. She was merely on her way to work, an activity which the Kansas Legislature has made not compensable. Any risk of injury in the office building was no greater than that to which any member of the general public using the office building was subjected. Linda was not on her employer's premises at the time of her injury, and therefore the injury is not compen-

sable. We recognize this to be the minority view. However, the legislature has taken a position to that effect, and any change in that position will have to be by way of legislation.

Affirmed.