(61 P.3d 95)

No. 87,621

SEAN M. BUTERA, *Appellant,* v. FLUOR DANIEL CONSTRUCTION CORPORATION and CNA GROUP, *Appellees,* and SEAN M. BUTERA, *Appellant,* v. WOLF CREEK NUCLEAR OPERATING CORPORATION, *Self-insured Respondent/Appellee.*

Opinion filed January 17, 2003.

*George H. Pearson III,* of Topeka, for appellant.

*John David Jurcyk,* of McAnany, Van Cleave & Phillips, P.A., for appellees.

Before GREEN, P.J., MARQUARDT, J., and JOHN E. SANDERS, District Judge, assigned.

GREEN, J.: Sean M. Butera appeals from the Workers Compensation Appeals Board's (Board) order denying his workers compensation claim. Butera alleges that the Board erred in holding that neither the premises exception nor the special hazard exception to the going and coming rule, as set forth in K.S.A. 2001 Supp. 44-508(f), applies to the facts of this case. We agree and reverse.

Butera was an iron worker for Fluor Daniel Construction Corporation (Fluor Daniel). Fluor Daniel contracted with Wolf Creek Nuclear Operating Corporation (Wolf Creek) to provide fueling services at the power plant near Burlington, Kansas. Butera, whose primary residence is Cabool, Missouri, temporarily took up resi-

dence at a hotel in Garnett, Kansas, a 30-minute drive from Wolf Creek.

While driving to work one fall evening, Butera was injured when his vehicle crashed into a concrete barrier in front of an unlighted guard post on Wolf Creek property. The guard post was normally lit, but a transformer failure extinguished the lighting that night. Butera filed workers compensation claims under the Kansas Workers Compensation Act (the Act), K.S.A. 44-501 *et seq.*, and against Fluor Daniel as his direct employer and Wolf Creek as his statutory employer.

The administrative law judge denied benefits for Butera against Fluor Daniel after determining that Butera's injuries did not arise out of and in the course of his employment with Fluor Daniel. Specifically, the administrative law judge found that because Butera's accident occurred while traveling to work, his claim against Fluor Daniel was barred by the going and coming rule. However, the administrative law judge went on to grant benefits against Wolf Creek, finding that Butera was a statutory employee of Wolf Creek.

The case was appealed to the Board, which found that Butera's injuries were compensable against Fluor Daniel. The Board found that the inherent travel exception to the going and coming rule was applicable because travel was an intrinsic part of Butera's job. The Board also found that Wolf Creek was not liable because Fluor Daniel had workers compensation insurance, which precluded an assessment of liability against Wolf Creek under K.S.A. 44-503(g).

Fluor Daniel appealed the Board's decision to this court, which held that the inherent travel exception to the going and coming rule was inapplicable because travel was not an inherent part of Butera's job as an iron worker. See *Butera v. Fluor Daniel Const. Corp.*, 28 Kan. App. 2d 542, 18 P.3d 278, *rev. denied* 271 Kan. 1035 (2001). This court remanded the case to the Board to determine whether the premises exception or the special hazard exception to the going and coming rule applied to the facts of this case. 28 Kan. App. 2d at 549.

On remand, the Board determined that neither exception to the going and coming rule was applicable to this case. Specifically, the Board found that the premises exception only applied when the

injury occurred on the direct employer's premises, rather than on the statutory employer's premises. The Board also found that the special hazard exception only applied when the employee sustained an injury while on a route not used by the public except in dealings with the direct employer. Because Butera's injuries did not occur on Fluor Daniel's premises or on route to Fluor Daniel's premises, the Board determined that Butera's injuries were not compensable under the premises exception or the special hazard exception to the going and coming rule.

Butera appealed the Board's order, and Fluor Daniel filed a notice of cross-appeal. Nevertheless, it seems that Fluor Daniel has abandoned its cross-appeal because it failed to raise any issues in its appellate brief.

The sole issue on appeal is whether the Board erred in holding that the term "employer" as used in K.S.A. 2001 Supp. 44-508(f) is limited to the direct employer and does not include the statutory employer. Before addressing the scope of K.S.A. 2001 Supp. 44-508(f), a review of the law regarding statutory and direct employers would be helpful. The terms "statutory employer" and "direct employer" are used in workers compensation cases which involve subcontracting work. Subcontracting is addressed in K.S.A. 44-503. K.S.A. 44-503(a) provides that a principal is any person who contracts with any other person (the contractor) for work undertaken by the principal. In a workers compensation proceeding where an employee of the contractor is injured, the contractor is referred to as the direct employer and the principal is referred to as the statutory employer. See *Robinett v. The Haskell Co.*, 270 Kan. 95, 96-97, 12 P.3d 411 (2000).

In addition, K.S.A. 44-503(a) assesses primary workers compensation liability to the principal for injuries to a contractor's employee if the principal would have been liable had the injured employee been immediately employed by the principal. The statute further provides that "where compensation is claimed from or proceedings are taken against the principal, then in the application of the workers compensation act, references to the principal shall be substituted for references to the employer . . . ." K.S.A. 44-503(a). However, if the contractor has workers compensation cov-

erage, then under K.S.A. 44-503(g), primary responsibility in workers compensation shifts from the principal to the contractor. In that case, the principal becomes secondarily liable and compensation may be secured against the principal only in the event that the contractor has not secured the payment of compensation or the contractor is uninsured or insolvent.

Here, because Butera was employed by Fluor Daniel, that corporation is the direct employer. In addition, because Wolf Creek contracted with Fluor Daniel to perform work, Wolf Creek is the statutory employer. Furthermore, Fluor Daniel is primarily liable for Butera's injuries under K.S.A. 44-503(g) because Fluor Daniel secured workers compensation coverage for its workers.

On appeal, Butera argues that the trial court erred in holding that the term "employer" as used in K.S.A. 2001 Supp. 44-508(f) is limited to the direct employer and does not include the statutory employer. Resolution of this issue necessarily requires us to interpret portions of the Act. Interpretation of a statute is a question of law, and our review is unlimited. *Hamilton v. State Farm Fire & Cas. Co.*, 263 Kan. 875, 879, 953 P.2d 1027 (1998). The provisions of the Act are to be liberally construed for the purpose of bringing a worker under the Act, whether or not desirable for the specific individual's circumstances, and should be applied impartially to both employers and employees. *Bright v. Cargill, Inc.*, 251 Kan. 387, 393, 837 P.2d 348 (1992).

The Act defines the situations under which workers compensation benefits apply. K.S.A. 44-501(a) provides in pertinent part as follows:

"If in any employment to which the workers compensation act applies, personal injury by accident arising out of and in the course of employment is caused to an employee, the employer shall be liable to pay compensation to the employee in accordance with the provisions of the workers compensation act."

K.S.A. 2001 Supp. 44-508(f) establishes an exception to coverage if an employee is injured "while the employee is on the way to assume the duties of employment or after leaving such duties." This provision is commonly referred to as the going and coming rule and excludes coverage if the employee sustains injury when

on the way to or from work. See *Thompson v. Law Offices of Alan Joseph*, 256 Kan. 36, 38, 883 P.2d 768 (1994). However, exceptions to the going and coming rule allow for compensation in some cases. For example, the premises exception allows for compensation if the injury occurs "when the worker is on the premises of the employer." K.S.A. 2001 Supp. 44-508(f). In addition, the special hazard exception allows for compensation if the injury occurs when the employee is "on the only available route to or from work which is a route not used by the public except in dealings with the employer." K.S.A. 2001 Supp. 44-508(f).

The Board construed the term "employer" as used in the premises and special hazard exceptions to include only the direct employer. Specifically, the Board found that Butera's accident was not compensable against Fluor Daniel because "the accident did not occur on Fluor Daniel's premises" and because "the accident did not occur on a route not used by the public except in dealings with Fluor Daniel." In so holding, the Board rejected Butera's argument that "Wolf Creek's premises should be considered Fluor Daniel's premises for purposes of the exceptions to the 'going and coming' rule." In rejecting this argument, the Board noted that "the Kansas Supreme Court has narrowly construed the term 'premises' to be an area controlled by the employer." See *Thompson*, 256 Kan. 36, Syl. ¶ 1.

On appeal, Butera argues that the Board's interpretation of the term "employer" as used in K.S.A. 2001 Supp. 44-508(f) was too narrow. Butera argues that if the term "employer" as used in that statute is limited to the contractor, then an employee of a contractor who is working on a job site controlled by the principal would be precluded from falling within the premises or special hazard exceptions to the going and coming rule. Butera argues that this is an unintended legislative result which is contrary to the liberal construction rule under K.S.A. 44-501(g). Butera argues that a more compatible result with the liberal construction rule is to broadly interpret the word "employer" as used in K.S.A. 2001 Supp. 44-508(f) to encompass both the contractor and the principal. Although Butera argues that the term "employer" as used in the premises and special hazard exceptions should be read to in-

clude the principal, he concedes that under K.S.A. 44-503(g), the principal should not be assessed responsibility when the contractor has compensation coverage, even if the employee's injuries occur on the principal's premises or on route to the principal's premises.

Fluor Daniel, on the other hand, argues that legislative intent is not furthered by holding a contractor liable for injuries under the premises or special hazard exceptions when the injury occurs in an area under the principal's control. Fluor Daniel claims that "it was the intent of the legislature that the exceptions to the going and coming rule in K.S.A. 44-508(f) apply to situations where the *employer's negligence* was the cause of the injury." (Emphasis added.) Fluor Daniel continues this argument by stating that contractors "should not be subject to exceptions to the going and coming rule that were intended by the legislature to cover situations where the *employer's negligence* caused the injury in question." (Emphasis added.)

Fluor Daniel's argument, that the exceptions to the going and coming rule only apply where the injury results from the employer's negligence, is wholly without merit. An employer's negligence is not a factor in determining whether an employee is entitled to workers compensation benefits. *Yocum v. Phillips Petroleum Co.*, 228 Kan. 216, 219-20, 612 P.2d 649 (1980).

"The right to compensation benefits depends on one simple test: Was there a work-connected injury? Negligence, and, for the most part, fault, are not in issue and cannot affect the result. Let the employer's conduct be flawless in its perfection, and let the employee's be abysmal in its clumsiness, rashness and ineptitude; if the accident arises out of and in the course of the employment, the employee receives an award." 1 Larson's Workers' Compensation Law § 1.03[1] (1999).

The principle that an employer's negligence is not a factor in assessing workers compensation benefits is applicable even when the employee is seeking compensation under an exception to the going and coming rule. See *Chapman v. Beech Aircraft Corp.*, 258 Kan. 653, Syl. ¶¶ 2, 3, and 4, 907 P.2d 828 (1995). Although K.S.A. 2001 Supp. 44-508(f) allows for compensation where an employee is injured while traveling to or from work and the injury is proximately caused by the employer's negligence, this provision is entirely separate from the premises and special hazard exceptions.

See generally *Thompson*, 256 Kan. at 37-40, 46-47. An employee is not required to prove that the accident resulted from the employer's negligence in order to recover under the premises or special hazard exceptions. As a result, Fluor Daniel's argument that the premises and special hazard exceptions to the going and coming rule are designed to prevent employers from escaping liability for their own acts of negligence is without merit.

We also reject Fluor Daniel's position that the term "employer" as used in K.S.A. 2001 Supp. 44-508(f) should be limited only to the entity which provides workers compensation coverage. K.S.A. 2001 Supp. 44-508(a) broadly defines "employer" in part as "[a]ny person or body of persons, corporate or unincorporate . . . ." The definition of "employer" is in no way limited to the entity or entities which provide workers compensation coverage. By using the phrase "body of persons" to define the term "employer," the definition allows for two or more entities to constitute the employer. See K.S.A. 2001 Supp. 44-508(a).

As stated earlier, when a principal is liable for any compensation to an injured employee of its contractor under K.S.A. 44-503(a), this subsection converts the principal into the employer. As a result, we determine that both Fluor Daniel and Wolf Creek are encompassed in the definition of "employer" as set out in K.S.A. 2001 Supp. 44-508(a), even though Wolf Creek did not provide workers compensation coverage for Butera.

Under the liberal construction rule, this court is required to interpret K.S.A. 2001 Supp. 44-508(f) for the purpose of bringing Butera and Fluor Daniel within the provisions of the Act. Accordingly, we liberally construe the term "employer" as used in the premises and special hazard exceptions to the going and coming rule as encompassing the principal when an employee of a contractor is injured on the principal's premises or when the employee is injured while on a route not used by the public except in dealings with the principal. Such an interpretation not only follows the liberal construction rule but also furthers the primary purpose of the Act, which is to burden industry with the economic loss to a workman resulting from accidental injuries sustained in the course of his or her employment. See *Yocum*, 228 Kan. at 218-20. This leg-

islative intent to place the burden of an employee's injuries on industry is evidenced in K.S.A. 44-503, which under subsection (a) makes the principal primarily liable for a contractor's injured workers, but under subsection (g) shifts primary liability to the contractor when the contractor has secured workers compensation coverage for its injured workers.

If the term "employer" as used in the premises and special hazard exceptions to the going and coming rule means only the contractor, then an employee of a contractor who is injured while on the principal's premises or on route to the principal's premises would be burdened with the economic loss caused by his or her injury. Such a result would be contrary to the primary purpose of the Act. As a result, we find that the term "employer" as used in the premises and special hazard exceptions to the going and coming rule encompasses a principal when the principal's contractor becomes primarily liable for any workers compensation owed to an injured employee of the contractor under K.S.A. 44-503(g) and when the employee is injured on the principal's premises or when the employee is injured while on a route not used by the public except in dealings with the principal. Under these circumstances, the principal shall be deemed the employer of the contractor's injured employee for the purpose of having liability imposed upon the contractor under either of the premises or special hazards exceptions to the going and coming rule stated in K.S.A. 2001 Supp. 44-508(f).

Our determination that the term "employer" as used in the premises and special hazard exceptions may include the principal is strictly limited to the premises and special hazard exceptions to the going and coming rule set out in K.S.A. 2001 Supp. 44-508(f). This finding in no way affects any other provisions in the Act. Significantly, our finding does not impact K.S.A. 44-503(g), which provides that a principal may not be held liable when the contractor has workers compensation coverage. Although the premises exception to the going and coming rule is applicable when an employee is injured on a principal's premises, the employee may not recover against the principal if the contractor has workers compensation coverage. Similarly, an employee who is injured while on a route

not used by the public except when dealing with the principal may not recover against the principal if the contractor has workers compensation coverage. In these situations, the legislature has selected the contractor as the responsible party when the contractor has secured workers compensation coverage. See K.S.A. 44-503(g).

Butera's injuries occurred when he struck an unlit guard post situated on Wolf Creek property. Because the accident occurred on the principal's premises, we read the term "employer" as used in the premises exception to mean the principal. Accordingly, Butera's accident falls within the premises exception to the going and coming rule because he was injured on the principal's premises. Moreover, under K.S.A. 44-503(g), Fluor Daniel, not Wolf Creek, is liable for Butera's injuries because Fluor Daniel had workers compensation coverage. Because we find that Butera's injuries are compensable against Fluor Daniel under the premises exception to the going and coming rule, it is unnecessary to address whether the special hazard exception is applicable.

Reversed.