(121 P.3d 472)

No. 93,868

PEGGY A. RINKE, *Appellee,* v. BANK OF AMERICA and ROYAL & SUN ALLIANCE INSURANCE COMPANY (American Insurance Company), *Appellants.*

Opinion filed October 21, 2005.

*Terry J. Torline*, of Martin, Pringle, Oliver, Wallace & Bauer, L.L.P., of Wichita, for appellants.

*Randy S. Stalcup*, of Affiliated Attorneys of Pistotnik Law Offices, PA, of Wichita, for appellee.

Before PIERRON, P.J., CAPLINGER., J, and BUKATY, S.J.

CAPLINGER, J.: Peggy Rinke fell in the parking lot outside the building where she was employed by Bank of America. The Kansas Workers Compensation Board (Board) determined Rinke was injured on the bank's premises and was entitled to more than $50,000 in compensation. In this appeal, the Bank of America and its insurance carrier, Royal & Sun Alliance Insurance Company (American Insurance Company) (collectively Bank), argue the "going and coming" rule of K.S.A. 44-508(f) bars Rinke's claim. We agree and reverse the Board's determination, finding it was not supported by substantial competent evidence. We hold that because the parking lot in which Rinke was injured was not under the control of the Bank, Rinke was not injured on her employer's premises and her claim is not covered by the Kansas Workers Compensation Act, K.S.A. 44-501 *et seq*.

*Background*

The facts are not disputed. Rinke worked in the Bank's telephone banking department in Wichita. Her normal working hours were 6 a.m. to 2:45 p.m. On March 5, 2001, Rinke left work around 3:15 p.m., taking a direct route from the building to her vehicle, which was parked in a parking lot adjacent to the Bank's south side.

Rinke slipped on a patch of sand that had been placed on ice in the parking lot to prevent slipping. Rinke was injured when her right hip, shoulder, and elbow hit the pavement.

The building in which Rinke worked was owned by Argora Properties, L.P. (Argora) and was leased by the Bank. The only other tenant in the building, Wesley Occupational Health, also leased space in the building from Argora.

The parking lot in which Rinke was injured also was owned by Argora, and the Bank leased parking space for its employees from Argora. The parking lot contained 757 parking spaces, 20 of which were reserved for use by Wesley employees. The remainder of the spaces were used by bank employees, visitors of the building's tenants, and the general public. Bank employees did not have parking stickers or designated parking spaces and were not told where to park.

Argora was responsible for all maintenance of the parking lot and was required to insure it was in a clean, safe, and good condition. Argora also was required to maintain and enforce any controls and provide security during and after business hours.

The administrative law judge (ALJ) determined Rinke's injuries were compensable because they occurred on the Bank's "premises" and thus K.S.A. 44-508(f), which precludes compensation for injuries that occur while an employee is going and coming from work, did not apply. The Board affirmed the ALJ's conclusions but modified the ALJ's ruling by utilizing a different method of computing the compensation award.

On appeal, the Bank argues that because it did not own, maintain, or control the parking lot where Rinke's injury occurred, the Board erroneously determined Rinke's actions fell under the premises exception of the going and coming rule of K.S.A. 44-508(f). Rinke primarily argues that because the Bank leased the parking spaces, it was responsible for Rinke's injuries which occurred in that leased space.

*Standard of review*

Under the Workers Compensation Act, the Board has authority to review the decision of the ALJ on questions of law and fact. The

Board's decision is then appealable to this court, where review is limited to questions of law in accordance with the Act for Judicial Review and Civil Enforcement of Agency Actions (KJRA), K.S.A. 77-601 *et seq*. Whether the Board's findings of fact are supported by substantial competent evidence is a question of law. *Webber v. Automotive Controls Corp.*, 272 Kan. 700, 703, 35 P.3d 788 (2001). Substantial evidence in workers compensation cases is evidence that possesses something of substance and relevant consequences and carries with it fitness to induce the conclusion that the award is proper or furnishes a substantial basis of fact from which the issue can be reasonably resolved. The appellate court reviews the evidence in the light most favorable to the prevailing party and does not reweigh the evidence or assess the credibility of the witnesses. *Neal v. Hy-Vee*, 277 Kan. 1, 16-17, 81 P.3d 425 (2003).

### *Liability under the Workers Compensation Act*

Where the Workers Compensation Act applies, if an employee is injured by an accident that arises out of and in the course of employment, the employer is liable to compensate the employee under K.S.A. 44-501. The term "arising out of" employment is further defined:

"The phrase [arising] 'out of' employment points to the cause or origin of the worker's accident and requires some causal connection between the accidental injury and the employment. An injury arises 'out of' employment when there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury." *Kindel v. Ferco Rental, Inc.*, 258 Kan. 272, 278, 899 P.2d 1058 (1995).

### *The "going and coming" rule of K.S.A. 44-508(f)*

Generally, if an employee is injured while on his or her way to assume the duties of employment or after leaving such employment, the injuries are not considered to have arisen out of and in the course of employment under K.S.A. 44-508(f). This rule is known as the "going and coming" rule. See *Chapman v. Beech Aircraft Corp.*, 20 Kan. App. 2d 962, 894 P.2d 901, *aff'd*, 258 Kan. 653, 907 P.2d 828 (1995).

The rationale for the going and coming rule was explained in *Thompson v. Law Offices of Alan Joseph*, 256 Kan. 36, 46, 883 P.2d 768 (1994): "[W]hile on the way to or from work the employee is subjected only to the same risks or hazards as those to which the general public is subjected. Thus, those risks are not causally related to the employment. [Citations omitted]"

### *The "premises" exception to the going and coming rule*

The "premises" exception to this rule, which the Board found applied here, provides that if the employee is on the premises of the employer, the employee is not considered to be on his or her way to assume the duties of employment or to have left such duties. K.S.A. 44-508(f). " '[T]he question of whether the 'going and coming' rule applies must be addressed on a case-by-case basis.' [Citation omitted.]" *Chapman* 20 Kan. App. 2d at 964; see *Chapman* 258 Kan. 653, Syl. ¶ 3.

In *Chapman v. Victory Sand & Stone Co.*, 197 Kan. 377, 383, 416 P.2d 754 (1966), our Supreme Court defined "premises" as the "place where an employee may reasonably be during the time he is doing what a person so employed may reasonably do during or while the employment is in progress." "Premises" has also been defined as " 'not restricted to the permanent site of the statutory employer's business nor limited to property owned or leased by him but contemplates any place under the exclusive control of employer where his usual business is being carried on or conducted.' " *Thompson v. Law Offices of Alan Joseph*, 19 Kan. App. 2d 367, 372, 869 P.2d 761, *aff'd* 256 Kan. 36, 883 P.2d 768 (1994) (quoting Black's Law Dictionary 1181 [6th ed. 1990]).

In considering whether the premises exception applied here, the Board relied heavily upon our Supreme Court's opinion in *Thompson*, 256 Kan. 36. There, the claimant was furnished with a parking space in a public garage across a public street from the office where she worked. Claimant went to the fourth floor of the public parking garage, used an enclosed overhead walkway across the public street to the employer's office, and took an elevator to the eighth floor. The elevator on the eighth floor exited into a hallway, which led to two offices, one of which was Thompson's employer's office, and

as the claimant exited the elevator, she slipped and fell. The claimant argued she was on her employer's premises the moment she parked her car and, therefore, she was on the premises of the employer when she fell. Alternatively, she argued the area in which she fell was on her employer's premises. However, neither the parking garage nor the building where the claimant worked was owned, controlled, or maintained by her employer.

The ALJ in *Thompson* denied compensation because the claimant was en route to work when she was injured. The Director of Workers Compensation, the district court, and the Court of Appeals upheld the ALJ's ruling. The sole issue for the Kansas Supreme Court was whether the claimant's injury occurred on her employer's premises under K.S.A. 44-508(f). Significantly, the *Thompson* court initially noted that Kansas precedent required the employer to exercise *control* of an area in order for the area to be part of the employer's premises. 256 Kan. at 39-40.

In affirming the denial of benefits, the court in *Thompson* relied upon several factors: (1) There was no evidence the employer controlled the parking garage other than paying the monthly parking fee; (2) there was no evidence the owner of the building where the employer rented space also owned the parking garage where the claimant parked her car; (3) there was no evidence that the employer directed the employees to park in a certain area in the lot; and (4) the claimant was not subjected to greater risk than the general public who used the parking garage. Therefore, the court found the claimant was not injured on the employer's premises. 256 Kan. at 44.

The Board also considered *Barnes v. Stokes*, 233 Va. 249, 355 S.E.2d 330 (1987), which was cited in *Thompson*. In *Barnes*, the plaintiff was struck by a vehicle operated by the defendant in the parking lot leased by the defendant's employer. Although the employer leased the entire second floor of the garage as a subtenant, it neither owned nor maintained the parking lot. Nevertheless, portions of the parking lot were allocated to the employer for its employees.

Like Kansas, Virginia law also provided that an employee coming to or going from his or her place of employment was not engaged

in any service growing out of and incidental to employment. See 233 Va. at 251. However, the court determined the claimant's injuries arose out of and in her course of employment because: (1) the injuries occurred on the premises of another that was *in proximity* and *in relation* to the spaces leased by the employer as to be in practical effect the employer's premises; (2) the accident occurred in an area specifically allocated to the employer and at the place the employees were required to park; and (3) the parking area was adjacent to the work site and provided a valuable fringe benefit for employees and the employer. 233 Va. at 252-53.

In the case at bar, the Board distinguished *Thompson* and followed the line of reasoning in *Barnes,* holding: (1) The parking lot was adjacent to the building where Rinke was employed by the Bank; (2) the Bank leased a substantial portion of the building and the parking lot; (3) the Bank was allocated 737 parking spaces for Bank employees; and (4) Rinke was injured in the area leased by the Bank. Based on this analysis, the Board concluded Rinke's claim was compensable because she was on the Bank's "premises" at the time of her fall.

The Bank argues the Board's reliance on *Barnes* is misplaced because Kansas more narrowly construes the term "premises" than Virginia. We agree. As the Bank points out, Virginia courts follow the more expansive rule that allows for compensation if the injury was "substantially" or "sufficiently" on the premises of the employer. Kansas courts, on the other hand, follow a minority view and narrowly construe the term "premises." See *Madison v. Key Work Clothes,* 182 Kan. 186, 191, 318 P.2d 991 (1957); *Murray v. Ludowici-Celadon Co.,* 181 Kan. 556, 559, 313 P.2d 728 (1957).

Because Kansas narrowly construes the term "premises" and has specifically rejected the "proximity" or "zone of danger" rule, see *Thompson,* 256 Kan. at 40, we consider whether substantial competent evidence supports the Board's determination that the parking lot was part of the Bank's premises, utilizing the narrower definition of "premises" approved by the Supreme Court in *Thompson.* Specifically, we consider whether the Bank exercised control of the parking lot. See *Thompson,* 256 Kan. at 44; *Teague v. Boeing Airplane Co.,* 181 Kan. 434, 312 P.2d 220 (1957) (claim-

ant was compensated under the Workers Compensation Act after claimant fell in a fenced parking lot with assigned parking spaces that was exclusively controlled by employer).

Considering the factors considered by the court in *Thompson*, we cannot find that the Bank controlled the parking lot. Although the Bank paid Argora to lease space in the parking lot, Argora was responsible for maintenance, enforcement, towing control, and security of the parking lot during and after business hours. Bank employees did not have parking stickers or designated parking spaces in the lot. Moreover, although there were 20 spaces designated for use by Wesley, there was no evidence that the Bank directed its employees to park in any of the other 727 spaces in the lot. Nor was Rinke subjected to greater risk than the general public who used the parking lot.

Other than the fact that the parking lot and building were leased by the Bank from the same entity, a fact mentioned as significant by the *Thompson* court, the facts of this case simply do not support a finding that the Bank had control of the parking lot. Thus, we conclude that the Board's finding that Rinke was injured on the Bank's premises was not supported by substantial competent evidence.

Because the premises exception to the going and coming rule of K.S.A. 44-508(f) does not apply, Rinke's claim is not covered by the Workers Compensation Act, and we reverse the Board's contrary finding.

Reversed.